*742 OPINION OF THE COURT
Anthony A. Scarping, Jr., S.
The New York State Association for Retarded Children, Inc. (NYSARC) is the guardian of the person of R.K. (ward), who has been adjudicated a mentally retarded person pursuant to SCPA article 17-A. By order to show cause, NYSARC seeks to have the court amend its current letters of guardianship to provide it with authority to make all heath care decisions on behalf of the ward, pursuant to SCPA 1750-b, which was enacted as part of the Health Care Decisions Act for Persons with Mental Retardation (L 2002, ch 500). Mental Hygiene Legal Service (MHLS) has appeared in response to the application. The application is granted.
By decree dated July 9,1985, this court (Brewster, S.) awarded letters of guardianship to NYSARC, which has since acted as guardian of the ward’s person. Under the current state of the law, the applicable provisions of the Health Care Decisions Act for Persons with Mental Retardation cannot be applied retroactively for guardians appointed by this court prior to its effective date — March 16, 2003 (see Matter of M.B., 21 AD3d 28 [2d Dept 2005]). Accordingly, in light of the ward’s recent poor health, including “advanced illness and weakness” as well as being “comatose” for several weeks (certification of Dr. Levon Kabasakalian at 2), NYSARC commenced the instant proceeding, anticipating that it would soon have to make significant health care decisions on the ward’s behalf, including whether to ultimately continue or withhold/withdraw life-sustaining treatment.
In support of its application, NYSARC has submitted written certifications from a licensed psychologist and licensed physician, both of whom are familiar with the ward’s lengthy history of poor health and have examined the ward within one month prior to the instant application. Both doctors have certified that the ward is “not capable of understanding and appreciating the nature and consequences of health care decisions, including the benefits and risks of and alternatives to any proposed health care, and [of reaching] an informed decision in order to promote [his] own well being.”
In appearing in response to the application, MHLS contends that the holding of the Appellate Division, Second Department, in Matter of M.B. (21 AD3d 28, 34, supra) requires a “judicial determination” at this juncture which would include, inter alia: (i) taking testimony from the individual at NYSARC who has *743 most interacted with the ward during NYSARC’s tenure as the ward’s guardian; (ii) ascertaining from NYSARC its “policy” with respect to the continuance and/or withholding/withdrawal of life-sustaining treatment; and (iii) ascertaining whether the ward has ever expressed preference regarding significant personal health care decisions, including decisions with respect to the continuance or withholding/withdrawal of hfe-sustaining treatment.
Initially, the court finds that MHLS’s interpretation of the Appellate Division, Second Department’s majority opinion in Matter of M.B. concerning the extent of a “judicial determination” at this juncture is unduly expansive. Indeed, the court finds that the information submitted by NYSARC, particularly the certifications submitted by the licensed psychologist and licensed physician — the veracity of which are unchallenged— provides an adequate basis for this court’s “judicial determination specifically granting [NYSARC] powers pursuant to SCPA 1750-b in accordance with the statutory safeguards set forth in SCPA 1750 (2)” (Matter of M.B., supra at 34; see SCPA 1750-b [1]). In short, while the concerns raised by MHLS are legitimate, they are more properly raised in a prospective contested proceeding subsequent to NYSARC’s ultimate exercise of the authority this court will now bestow upon it (see SCPA 1750-b [6]).
Accordingly, the application is granted. The decree to be noticed for settlement upon MHLS shall provide that the court’s previous decree of July 9, 1985 shall be amended to permit NYSARC, as guardian of the ward’s person, to make “any and all health care decisions on behalf of the ward that the ward could make if he had the capacity, consistent with the provisions set forth in SCPA 1750-b.”